IN THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT COURT OF NEW YORK

| | |
|---|---|
| ROBERT B. DAVIS,<br>PLAINTIFF,<br><br>-v-<br><br>SCOTT MIDDLEBROOK,<br>BRIAN FORD,<br>RANDALL MITCHELL,<br>S. CROFT,<br>BILLIE KLECHNER,<br>ANN STROZ,<br>HARRELL WATTS,<br>DEFENDANT(s), | CASE NO. 11 CV 0660 JR<br><br>BIVENS ACTION PURSUANT TO 42 U.S.C. §1983 AND 28 U.S.C. §1343(a) |

UNITED STATES DISTRICT COURT
AUG 5 - 2011
WESTERN DISTRICT OF N.Y.

COMPLAINT

I, ROBERT B. DAVIS, am a Citizen of Buffalo, New York and reside at, 115-117 Glenwood Avenue, Buffalo, New York 14209.

DEFENDANT, SCOTT MIDDLEBROOK, at the time of the alleged violations, is/was, employed by the Federal Bureau of Prisons as the Warden of the Federal Correctional Complex-USP-1, located at: 846 NE 54th Terrace (P.O. Box 1029), Coleman, Florida 33521

DEFENDANT, BRIAN FORD, at the time of the alleged violations, is/was, employed by the Federal Bureau of Prisons as the Case Manager Coordinator at the Federal Correctional Complex-USP-1, located at:846 NE 54th Terrace (P.O. Box 1029), Coleman, Florida 33521.

DEFENDANT, RANDALL MITCHELL, at the time of the alleged violations, is/was employed by the Federal Bureau Of Prisons, as the Unit Manager, at the Federal Correctional Complex-USP-1, Located at: 846 NE 54th Terrace (P.O. BOX 1029), Coleman, Florida 33521.

DEFENDANT BILLIE KLECHNER, at the time of the alleged violations is/was employed by the Federal Bureau Of Prisons as the Case Manager, at the Federal Correctional Complex-USP-1, Located at: 846 NE 54th Terrace (P.O. BOX 1029), Coleman, Florida 33521.

DEFENDANT S. CROFT, at the time of the alleged violations, is/was employed by the Federal Bureau Of Prisons ar the Case Manager, at the Federal Correctional Complex-USP-1, located at: 845 NE 54th Terrace (P.O. BOX 1029), Coleman Florida 33521.

DEFENDANT, ANN STROZ, at the time of the alleged violations, is/was employed by the Federal Bureau Of Prisons as the Community Corrections Manager, located at: Community Corrections Office, 1000 Liberty Avenue, Suite #1315, Pitsburgh, PA. 15222.

DEFENDANT, HARRELL WATTS, at the time of the alleged violations, is/was employed by the Federal Bureau Of Prisons as the Administrator Of National Inmate Appeals, located at: Office of General Counsel, Bureau Of Prisons, 320 First Street, N.W., Washington, D.C. 20534.

JURISDICTION

This cause of action is brought pursuant to 28 U.S.C. §§1331,

1332(a), §1343(a)(1), and 42 U.S.C. §1983 (Bivens Action).

## NATURE AND CAUSE OF ACTION

(1). Scott Middlebrook, identified as the Warden of the Federal Correctional Complex-USP-1, knowingly, willingly, and wantoningly, conspired with his staff and other members of the Bureau of Prisons, to violate Plaintiff's Procedural Due Process Rights pursuant to the Fifth Amendment of the United States Constitution; to violate Plaintiff's Eighth Amendment Rights which guards against cruel and unusual punishment; to violate the Mandatory Enumerated Factors for placement in prerelease custody, pursuant to 18 U.S.C. §3621(b), §3624(c).

On or around October 19th, 2010, Plaintiff's approved Nine month CCC placement, was reduced to Three months CCC placement without Due Process. Plaintiff did not learn about this reduction until on or around November 15th, 2010. On November 17th, 2010, Plaintiff did write Scott Middlebrook an Inmate request form, requesting a hearing, explaining that [his] due process rights were violated and that Middlebrooks staff was in violation of the Second Chance Act. Middlebrook denied my request stating that the now approved Three months is consistent with that of other inmates being released from high security. Accordingly, Plaintiff exhausted his administrative remedies to no avail. It should be noted that, the initial removal of CCC placement was perpetrated by staff under the guise of "Reconsideration" due to an incident report for which Plaintiff had been sanctioned by the authorized disciplinary hearing officer, who

did not recommend any lost of CCC placement.

(2). Brian Ford, identified as the Case Manager Coordinator of the Federal Correctional Complex-USP-1, knowingly, willingly, and wantoningly, conspired with other staff and other employees of the Bureau Of Prisons, to violate Plaintiff's Procedural Due Process Rights pursuant to the Fifth Amendment of the United States Constitution; to violate Plaintiff's Eighth Amendment Rights which guards against cruel and unusual punishment; to violate the Mandatory Enumerated Factors for placement in prerelease custody, pursuant to 18 U.S.C. §3621(b), §3624(c).

On or around February 23rd, 2011, Plaintiff did send Ford an Inmate request to Staff request citing title 5 U.S.C. §522,§522(a) of the Freedom Of Information Act, asking for the statute, Code, and/or programstatement that allows the arbitrary removal of CCC placement without Due Process of law. In his response, Ford cited 18 U.S.C. §3621(b) as the authority. Ford also explained that, because of an incident report (for which the authorized disciplinary hearing officer did not recommend any lost of CCC placement) [he] is allowed to remove CCC placement at will. It was later discovered that, Ford had directed Billie Klechner, to have the CCM (Ann Stroz) remove Six months CCC placement without using official channels. To forgo the Mandatory Factors in 18 U.S.C. §3621(b) and §3624(c).

(3). Randall Mitchell, identified as the Unit Manager over A-Unit at the Federal Correctional Complex-USP-1, knowingly, willingly, and wantoningly, conspired with other staff and other employees of the Bureau Of Prisons, to violate Plaintiff's Procedural Due Process Rights

pursuant to the Fifth Amendment of the United States Constitution; to violate Plaintiff's Eighth Amendment rights which guard against cruel and unusual punishment; to violate the Mandatory Enumerated Factors for placement in prerelease custody, pursuant to 18 U.S.C. §3621(b), 3624(c).

On or around May 16th, 2011, Randall Mitchell, did write and submit a Declaration and Certification to the Middle District Court of Florida Ocala Division (Case No. 5:11-cv-32-Oc-33MAP). Mitchell Conceded to the facts of initial approval yet omitted the facts concerning the incident report in an attempt to cover for the staff's malfeasance. Mitchell is also a signotary to all document's concerning the Inmate population who reside on his unit.

(4). S. Croft, identified as the Case Manager over M-Unit, at the Federal Correctional Complex-USP-1, knowingly, willingly, and wantoningly, conspired with other staff and other employees of the Federal Bureau Of Prisons, to violate Plaintiff's Procedural Due Process rights pursuant to the Fifth Amendment of the United States Constitution; to violate Plaintiff's Eighth Amendment Rights which guards against cruel and unusual punishment; to violate the Mandatory Enumerated Factors for the placement in prerelease custody, pursuant to 18 U.S.C. §3621(b), §3624(c).

On or around December 14th, 2010, Plaintiff did write S. Croft, an Inmate request to staff request for a reconsideration of six months due to Plaintiff's extenuating circumstances to wit: Plaintiff's two youngest children are at risk of being placed in foster care and

Plaintiff is homeless. These are the same extenuating circumstances wich yielded the initial approval of nine months CCC placement. S. Croft denied my request stating in part, that, because the DHO found Plaintiff guilty, his CCC placement was reduced from December 21st, 2010 to August 4th, 2011. S. Croft is the initiator of all RRC/CCC placement referals for the inmates assigned to her case load. The authorized Disciplinary Hearing officer never recommended any lost of RRC/CCC placement.

(5). Billie Klechner, Identified as the Case Manager over A-Unit, at the federal Correctional Complex-USP-1, knowingly, willingly, and wantoningly, conspired with other staff and other employees of the Federal Bureau Of Prisons, to violate Plaintiff's Procedural Due Process Rights pursuant to the Fifth Amendment of the United State Constitution; to violate plaintiff's Eighth Amendment Rights which guards against cruel and unusual punishment; to violate the Mandatory Enumerated Factors for the placement in prerelease custody, pursuant to 18 U.S.C. §3621(b), §3624(c).

Under the advise of her superior Brian Ford and on her own admition Billie Klechner did file fraudulent information into Plaintiff's central file under the guise Program review. This information in part stated that, Plaintiff has been Teamed, and it was decided that the Unit team would Resubmit plaintiff's RRC packet for a reduction of six month RRC placement. This alleged "Team" took place on October 26th, 2010. After Plaintiff filed an administrative remedy. It was discovered that Plaintiff's claim was correct, yet the adminitration refused to extract said entry.

(6). Ann Stroz, identified as the Community Corrections Manager for the Northeast Region, knowingly, willingly, and wantoningly, conspired with other staff and other employees of the Federal Bureau Of Prisons, to violate Plaintiff's Procedural Due Process Rights pursuant to the Fifth Amendment of the United States Constitution; to violate Plaintiff's Eighth Amendment Right which guards against Cruel and unusual punishment; to violate the Mandatory Enumerated Factors for the placement in prerelease custody, pursuant to 18 U.S.C. §3621(b), §3624(c).

It was Ann Straz and or her subordinates who initially approved Plaintiff for the nine month placement due to Plaintiff's extenuating circumstances. It is common practice for the Community Corrections Management staff, when informed that an inmate received an incident report while still in custody of the prison, that the arrival date be adjusted for what ever period the sanction calls for. Ann Stroz and or her subordinates removed six months of approved CCC placement at the request of USP-1 Coleman staff, without an official record listing reasons for removal and/or mandatory enumerated factors.

(7). Harrell Watts, identified as the Administrator Of National Appeals for the Federal Bureau Of Prisons, knowingly, willingly and wantoningly conspired with other staff and other employees of the Federal bureau Of Prisons, to violated Plaintiff's Procedural Due process rights pursuant to the Fifth Amendment of the United States Constitution; to violate Plaintiff's Eighth Amendment Right which guards against Cruel and unusual punishment; to violate the Mandatory enumerated Factors for the placement in prerelease custody, pursuant to 18 U.S.C.

§3621(b), §3624(c).

Harrell Watts, is directly in charge of the final Administrative Remedy, also known as BP-11, in which Watts, acting and purporting to know the statutes and administrative procedures, did misquote the statute and program statements to justify staff malfeasance, in order to continue the conspiracy to violate Plaintiff's Rights.

## REQUEST FOR RELIEF

Plaintiff is requesting the following relief: One Million Dollars ($1,000,000.00), in compensatory damages; One Million Dollars ($1,000,000.00), in punitive damages; Criminal investigation concerning Plaintiff's Claims, resulting in Criminal Prosecution; and Trial on all Triable claims.

## DECLARATION UNDER PENALTY OF PERJURY

I, ROBERT B. DAVIS, declares under the penalty of perjury that, I am the Plaintiff in the above Civil Action; that this Civil Action is done in good faith; and the information contained in this complaint is true and correct.

Robert B. Davis, Pro-se
115-117 Glenwood Ave
Buffalo, New York 14209